```
                                United States Bankruptcy Court
                                Middle District of Pennsylvania
In re:                                                                   Case No. 19-01589-HWV
Nichole L. Valle                                                         Chapter 13
       Debtor                         CERTIFICATE OF NOTICE
District/off: 0314-1           User: DDunbar              Page 1 of 2                  Date Rcvd: May 28, 2019
                               Form ID: pdf002            Total Noticed: 49


Notice by first class mail was sent to the following persons/entities by the Bankruptcy Noticing Center on
May 30, 2019.
db             +Nichole L. Valle,   16 West Locust Street,    Enola, PA 17025-3026
cr             +East PennsboroTownship,   c/o JSDC Law Offices,    11 E. Chocolate Avenue,   Suite 300,
                 Hershey, PA 17033-1320
5189819        +COMCAST,   PO BOX 1931,    Burlingame, CA 94011-1931
5186803        +Credit Acceptance,   25505 West Twelve Mile Rd,    Suite 3000,   Southfield MI 48034-8331
5193515        +East Pennsboro Township,   c/o Kimberly A. Bonner, Esquire,    JSDC Law Offices,
                 11 E. Chocolate Avenue, Suite 300,   Hershey, PA 17033-1320
5186485         Flagstar Bank,   po box 660263,   Dallas, TX 75266-0263
5186488        +JSDC LAW OFFICES,   11 east chocolate avenue,    Hershey, PA 17033-1320
5186497         Pennsylvania Department of Revenue,    PO box 281041,   Harrisburg, PA 17128-1040
5193514        +c/o Kimberly Bonner, Esquire,   JSDC Law Offices,    11 E. Chocolate Avenue,   Suite 300,
                 Hershey, PA 17033-1320
5186466         capital one bank,   jpo box 30285,    Salt Lake City, UT 84130-0285
5186475         credit acceptance corporation,   po box 5070,    Southfield, MI 48086-5070
5186477         department of treasurey,   bureau of fiscal service,    po box 830794,
                 Birmingham, AL 35283-0794
5186481        +diviersified consultants,   po box 551268,    Jacksonville, FL 32255-1268
5186482        +east pennsboro township,   98 south enola drive,    Enola, PA 17025-2796
5186484         fingerhut,   po box 70283,   Philadelphia, PA 19176-0283
5186483         fingerhut,   6520 ridgwood road,   Saint Cloud, MN 56303
5186487         ic systems collections,    po box 64378,   Saint Paul, MN 55164-0378
5186491        +mariner finance,   8211 town center drive,    Nottingham, MD 21236-5904
5186499        +regency finance company,   3350 paxton street,    suite E,   Harrisburg, PA 17111-1476
5186500        +santander consumer discount,    5201 rufe snow drive,   North Richland Hills, TX 76180-6036
5186501         santander consumer usa,   po box 961245,    Terrell, TX 75161
5186502        +second round lp,   po box 41955,   Austin, TX 78704-0033
5186503        +the bureaus,   650 dundee road suite 370,    Northbrook, IL 60062-2757

Notice by electronic transmission was sent to the following persons/entities by the Bankruptcy Noticing Center.
cr             +E-mail/PDF: PRA_BK2_CASE_UPDATE@portfoliorecovery.com May 28 2019 19:21:24
                 PRA Receivables Management, LLC,    PO Box 41021,   Norfolk, VA 23541-1021
5195678         E-mail/Text: REPO@CARVANT.COM May 28 2019 19:20:07     CARVANT FINANCIAL LLC,
                 6851 JERICHO TURNPIKE,   SUITE 245,    SYOSSET, NY 11791
5186478         E-mail/Text: cio.bncmail@irs.gov May 28 2019 19:20:14     Department of Treasury,
                 Internal Revenue Service,   po box 8208,    Philadelphia, PA 19101-8208
5188677         E-mail/PDF: resurgentbknotifications@resurgent.com May 28 2019 19:21:26     LVNV Funding, LLC,
                 Resurgent Capital Services,   PO Box 10587,    Greenville, SC 29603-0587
5192159         E-mail/Text: RVSVCBICNOTICE1@state.pa.us May 28 2019 19:20:28
                 Pennsylvania Department of Revenue,    Bankruptcy Division PO Box 280946,
                 Harrisburg, PA   17128-0946
5191459        +E-mail/PDF: PRA_BK2_CASE_UPDATE@portfoliorecovery.com May 28 2019 19:21:22
                 The Bureaus, Inc.,   c/o PRA Receivables Management, LLC,    PO Box 41021,
                 Norfolk, VA 23541-1021
5186467        +E-mail/PDF: AIS.cocard.ebn@americaninfosource.com May 28 2019 19:21:20
                 capital one bank usa na,   po box 30281,    Salt Lake City, UT 84130-0281
5186468        +E-mail/PDF: AIS.cocard.ebn@americaninfosource.com May 28 2019 19:21:37     capital one na,
                 po box 30281,   Salt Lake City, UT 84130-0281
5186469         E-mail/PDF: AIS.cocard.ebn@americaninfosource.com May 28 2019 19:21:54
                 capital one national association,   po box 26030,    Richmond, VA 23260-6030
5186471         E-mail/Text: documentfiling@lciinc.com May 28 2019 19:20:06     comcast,   po box 3002,
                 Southeastern, PA 19398-3002
5186473         E-mail/Text: BNC-ALLIANCE@QUANTUM3GROUP.COM May 28 2019 19:20:22     comenity bank,
                 po box 659704,   San Antonio, TX 78265-9704
5186472        +E-mail/Text: BNC-ALLIANCE@QUANTUM3GROUP.COM May 28 2019 19:20:22     comenity bank,
                 po box 182273,   Columbus, OH 43218-2273
5186474         E-mail/Text: BNC-ALLIANCE@QUANTUM3GROUP.COM May 28 2019 19:20:22     comenity bank buckle,
                 po  box 182789,   Columbus, OH 43218-2789
5186476         E-mail/PDF: creditonebknotifications@resurgent.com May 28 2019 19:21:42     credit one bank,
                 po box 98873,   Las Vegas, NV 89193-8873
5186480        +E-mail/Text: bankruptcynotices@dcicollect.com May 28 2019 19:20:45
                 diversified consultants inc.,   10550 deerwood park,   # 309,   Jacksonville, FL 32256-2805
5186486         E-mail/Text: cashiering-administrationservices@flagstar.com May 28 2019 19:20:49
                 flagstar bank,   5151 corporate circle,    Troy, MI 48098-2639
5186489        +E-mail/Text: bncnotices@becket-lee.com May 28 2019 19:20:10     kohls capital one,
                 po box 3115,   Milwaukee, WI 53201-3115
5186490        +E-mail/PDF: resurgentbknotifications@resurgent.com May 28 2019 19:21:26     lvnv funding,
                 po box 1269,   c/o resurgent capital services,   Greenville, SC 29602-1269
5186492         E-mail/Text: bkr@cardworks.com May 28 2019 19:20:02     merrick bank,   po box 9201,
                 Old Bethpage, NY 11804-9001
5186493         E-mail/Text: bankruptcy@sccompanies.com May 28 2019 19:20:54     montgomery ward,
                 1112 7th avenue,   Monroe, WI 53566-1364
5186494        +E-mail/Text: Bankruptcies@nragroup.com May 28 2019 19:20:53     national recovery agency,
                 2491 paxton street,   Harrisburg, PA 17111-1036
```

Case 1:19-bk-01589-HWV    Doc 16    Filed 05/30/19    Entered 05/31/19 01:09:32    Desc
                    Imaged Certificate of Notice    Page 1 of 14

```
District/off: 0314-1           User: DDunbar            Page 2 of 2              Date Rcvd: May 28, 2019
                               Form ID: pdf002          Total Noticed: 49
```

Notice by electronic transmission was sent to the following persons/entities by the Bankruptcy Noticing Center
(continued)
```
5186495        E-mail/PDF: cbp@onemainfinancial.com May 28 2019 19:21:33      one main financial,   po box 1010,
                Evansville, IN 47706-1010
5186496        E-mail/Text: bankruptcynotices@psecu.com May 28 2019 19:20:46
                pennsylania state employees credit,    po box 67013,    Harrisburg, PA 17106-7013
5186498       +E-mail/Text: bankruptcynotices@psecu.com May 28 2019 19:20:46
                pennsylvania state emmployees cred.,    1500 elmerton avenue,    Harrisburg, PA 17110-2990
5186504       +E-mail/Text: wfmelectronicbankruptcynotifications@verizonwireless.com May 28 2019 19:20:03
                verizon,    po box 650584,    Dallas, TX 75265-0584
5186505       +E-mail/Text: bnc-bluestem@quantum3group.com May 28 2019 19:20:45      web bank fresh start,
                6250 ridgewood road,    Saint Cloud, MN 56303-0820
                                                                                              TOTAL: 26

             ***** BYPASSED RECIPIENTS (undeliverable, * duplicate) *****
5186479*     ++INTERNAL REVENUE SERVICE,    CENTRALIZED INSOLVENCY OPERATIONS,    PO BOX 7346,
                PHILADELPHIA PA 19101-7346
               (address filed with court:   department of treasury,    po box 21126,
                Philadelphia, PA 19114-0326)
5186470      ##+carvent financial llc,   po box 465,    Syosset, NY 11791-0465
                                                                                   TOTALS: 0, * 1, ## 1
```

Addresses marked '+' were corrected by inserting the ZIP or replacing an incorrect ZIP.
USPS regulations require that automation-compatible mail display the correct ZIP.

Transmission times for electronic delivery are Eastern Time zone.

Addresses marked '++' were redirected to the recipient's preferred mailing address
pursuant to 11 U.S.C. 342(f)/Fed.R.Bank.PR.2002(g)(4).

Addresses marked '##' were identified by the USPS National Change of Address system as undeliverable.  Notices
will no longer be delivered by the USPS to these addresses; therefore, they have been bypassed.  The
debtor's attorney or pro se debtor was advised that the specified notice was undeliverable.

**I, Joseph Speetjens, declare under the penalty of perjury that I have sent the attached document to the above listed entities in the manner shown, and prepared the Certificate of Notice and that it is true and correct to the best of my information and belief.**

**Meeting of Creditor Notices only (Official Form 309): Pursuant to Fed. R. Bank. P. 2002(a)(1), a notice containing the complete Social Security Number (SSN) of the debtor(s) was furnished to all parties listed.  This official court copy contains the redacted SSN as required by the bankruptcy rules and the Judiciary's privacy policies.**

Date: May 30, 2019                             Signature:  /s/Joseph Speetjens

---

## CM/ECF NOTICE OF ELECTRONIC FILING

The following persons/entities were sent notice through the court's CM/ECF electronic mail (Email)
system on May 28, 2019 at the address(es) listed below:
```
              Charles J DeHart, III (Trustee)    TWecf@pamd13trustee.com
              Gregory S Hazlett   on behalf of Debtor 1 Nichole L. Valle adlitem@pa.net
              James Warmbrodt    on behalf of Creditor    LAKEVIEW LOAN SERVICING, LLC bkgroup@kmllawgroup.com
              Kimberly A Bonner    on behalf of Creditor   East PennsboroTownship kab@jsdc.com,  jnr@jsdc.com
              United States Trustee    ustpregion03.ha.ecf@usdoj.gov
                                                                                             TOTAL: 5
```

Rev. 12/01/18

# LOCAL BANKRUPTCY FORM 3015-1

## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

IN RE: | CHAPTER 13
--- | ---
NICOLE L. VALLE | CASE NO. 1 -bk- 19 - 01589-HWV

✓ ORIGINAL PLAN
☐ AMENDED PLAN (Indicate 1st, 2nd, 3rd, etc.)

2  Number of Motions to Avoid Liens
___ Number of Motions to Value Collateral

## CHAPTER 13 PLAN

### NOTICES

Debtors must check one box on each line to state whether or not the plan includes each of the following items. If an item is checked as "Not Included" or if both boxes are checked or if neither box is checked, the provision will be ineffective if set out later in the plan.

| 1 | The plan contains nonstandard provisions, set out in § 9, which are not included in the standard plan as approved by the U.S. Bankruptcy Court for the Middle District of Pennsylvania. | ☐ Included | ✓ Not Included |
|---|---|---|---|
| 2 | The plan contains a limit on the amount of a secured claim, set out in § 2.E, which may result in a partial payment or no payment at all to the secured creditor. | ☐ Included | ✓ Not Included |
| 3 | The plan avoids a judicial lien or nonpossessory, nonpurchase-money security interest, set out in § 2.G. | ✓ Included | ☐ Not Included |

### YOUR RIGHTS WILL BE AFFECTED

READ THIS PLAN CAREFULLY. If you oppose any provision of this plan, you must file a timely written objection. This plan may be confirmed and become binding on you without further notice or hearing unless a written objection is filed before the deadline stated on the Notice issued in connection with the filing of the plan.

1

1. **PLAN FUNDING AND LENGTH OF PLAN.**

    A. **Plan Payments From Future Income**

    1. To date, the Debtor paid $ 0 (enter $0 if no payments have been made to the Trustee to date). Debtor shall pay to the Trustee for the remaining term of the plan the following payments. If applicable, in addition to monthly plan payments, Debtor shall make conduit payments through the Trustee as set forth below. The total base plan is $ 18,201.00, plus other payments and property stated in § 1B below:

    | Start mm/yyyy | End mm/yyyy | Plan Payment | Estimated Conduit Payment | Total Monthly Payment | Total Payment Over Plan Tier |
    |---|---|---|---|---|---|
    | 5/2019 | 4/2024 | $303.35 | $0 | $303.35 | 18,201.00 |
    |  |  |  |  |  |  |
    |  |  |  |  |  |  |
    |  |  |  |  |  |  |
    |  |  |  |  |  |  |
    |  |  |  |  | Total Payments: | 60 |

    2. If the plan provides for conduit mortgage payments, and the mortgagee notifies the Trustee that a different payment is due, the Trustee shall notify the Debtor and any attorney for the Debtor, in writing, to adjust the conduit payments and the plan funding. Debtor must pay all post-petition mortgage payments that come due before the initiation of conduit mortgage payments.

    3. Debtor shall ensure that any wage attachments are adjusted when necessary to conform to the terms of the plan.

    4. CHECK ONE: (✓) Debtor is at or under median income. *If this line is checked, the rest of § 1.A.4 need not be completed or reproduced.*

        ( ) Debtor is over median income. Debtor estimates that a minimum of $_____ must be paid to allowed unsecured creditors in order to comply with the Means Test.

2

B. **Additional Plan Funding From Liquidation of Assets/Other**

1. The Debtor estimates that the liquidation value of this estate is $ 0 . (Liquidation value is calculated as the value of all non-exempt assets after the deduction of valid liens and encumbrances and before the deduction of Trustee fees and priority claims.)

*Check one of the following two lines.*

☑ No assets will be liquidated. *If this line is checked, the rest of § 1.B need not be completed or reproduced.*

☐ Certain assets will be liquidated as follows:

2. In addition to the above specified plan payments, Debtor shall dedicate to the plan proceeds in the estimated amount of $_____ from the sale of property known and designated as _____. All sales shall be completed by _____, 20\_\_\_. If the property does not sell by the date specified, then the disposition of the property shall be as follows: _____

3. Other payments from any source(s) (describe specifically) shall be paid to the Trustee as follows: _____

2. **SECURED CLAIMS.**

A. **Pre-Confirmation Distributions.** *Check one.*

☑ None. *If "None" is checked, the rest of § 2.A need not be completed or reproduced.*

☐ Adequate protection and conduit payments in the following amounts will be paid by the Debtor to the Trustee. The Trustee will disburse these payments for which a proof of claim has been filed as soon as practicable after receipt of said payments from the Debtor.

3

| Name of Creditor | Last Four Digits of Account Number | Estimated Monthly Payment |
|---|---|---|
|  |  |  |
|  |  |  |
|  |  |  |

1. The Trustee will not make a partial payment. If the Debtor makes a partial plan payment, or if it is not paid on time and the Trustee is unable to pay timely a payment due on a claim in this section, the Debtor's cure of this default must include any applicable late charges.

2. If a mortgagee files a notice pursuant to Fed. R. Bankr. P. 3002.1(b), the change in the conduit payment to the Trustee will not require modification of this plan.

**B. Mortgages (Including Claims Secured by Debtor's Principal Residence) and Other Direct Payments by Debtor.** *Check one.*

☐ None. *If "None" is checked, the rest of § 2.B need not be completed or reproduced.*

 Payments will be made by the Debtor directly to the creditor according to the original contract terms, and without modification of those terms unless otherwise agreed to by the contracting parties. All liens survive the plan if not avoided or paid in full under the plan.

| Name of Creditor | Description of Collateral | Last Four Digits of Account Number |
|---|---|---|
| FLAGSTAR BANK | FIRST MORTGAGE ON PRIMARY RESIDENCE: 16 W. Locust St. Enola PA. | 0461 |
| CREDIT ACCEPTANCE CORP. | purchase money security interest: 2010 mercedes benz c300 | 9201 |
|  |  |  |

4

C. **Arrears (Including, but not limited to, claims secured by Debtor's principal residence).** *Check one.*

☐ None. *If "None" is checked, the rest of § 2.C need not be completed or reproduced.*

✓ The Trustee shall distribute to each creditor set forth below the amount of arrearages in the allowed claim. If post-petition arrears are not itemized in an allowed claim, they shall be paid in the amount stated below. Unless otherwise ordered, if relief from the automatic stay is granted as to any collateral listed in this section, all payments to the creditor as to that collateral shall cease, and the claim will no longer be provided for under § 1322(b)(5) of the Bankruptcy Code:

| Name of Creditor | Description of Collateral | Estimated Pre-petition Arrears to be Cured | Estimated Postpetition Arrears to be Cured | Estimated Total to be paid in plan |
|---|---|---|---|---|
| FLAGSTAR BANK | FIRST MORTGAGE ON PRIMARY RESIDENCE: 16 W. Locust St. Enola PA. | per allowed proof of claim | $0 | per allowed proof of claim |
| EAST PENNSBORO TOWNSHIP | water & sewer lien against 16 W. Locust St Enola PA | $2,050.29 | $0 | $2,050.29 |
|  |  |  |  |  |

D. **Other secured claims (conduit payments and claims for which a § 506 valuation is not applicable, etc.)**

✓ None. *If "None" is checked, the rest of § 2.D need not be completed or reproduced.*

☐ The claims below are secured claims for which a § 506 valuation is not applicable, and can include: (1) claims that were either (a) incurred within 910 days of the petition date and secured by a purchase money security interest in a motor vehicle acquired for the personal use of the Debtor, or (b) incurred within 1 year of the petition date and secured by a purchase money security interest in any other thing of value; (2) conduit payments; or (3) secured claims not provided for elsewhere.

5

1. The allowed secured claims listed below shall be paid in full and their liens retained until the earlier of the payment of the underlying debt determined under nonbankruptcy law or discharge under §1328 of the Code.

2. In addition to payment of the allowed secured claim, present value interest pursuant to 11 U.S.C. §1325(a)(5)(B)(ii) will be paid at the rate and in the amount listed below, unless an objection is raised. If an objection is raised, then the court will determine the present value interest rate and amount at the confirmation hearing.

3. Unless otherwise ordered, if the claimant notifies the Trustee that the claim was paid, payments on the claim shall cease.

| Name of Creditor | Description of Collateral | Principal Balance of Claim | Interest Rate | Total to be Paid in Plan |
|---|---|---|---|---|
| | | | | |
| | | | | |
| | | | | |

E. **Secured claims for which a § 506 valuation is applicable.** *Check one.*

 None. *If "None" is checked, the rest of § 2.E need not be completed or reproduced.* Claims listed in the subsection are debts secured by property not described in § 2.D of this plan. These claims will be paid in the plan according to modified terms, and liens retained until the earlier of the payment of the underlying debt determined under nonbankruptcy law or discharge under §1328 of the Code. The excess of the creditor's claim will be treated as an unsecured claim. Any claim listed as "$0.00" or "NO VALUE" in the "Modified Principal Balance" column below will be treated as an unsecured claim. The liens will be avoided or limited through the plan or Debtor will file an adversary or other action (select method in last column). To the extent not already determined, the amount, extent or validity of the allowed secured claim for each claim listed below will be determined by the court at the confirmation hearing. Unless otherwise ordered, if the claimant notifies the Trustee that the claim was paid, payments on the claim shall cease.

| Name of Creditor | Description of Collateral | Value of Collateral (Modified Principal) | Interest Rate | Total Payment | Plan, Adversary or Other Action |
|---|---|---|---|---|---|
| | | | | | |
| | | | | | |
| | | | | | |

F. **Surrender of Collateral.** *Check one.*

☐ None. *If "None" is checked, the rest of § 2.F need not be completed or reproduced.*

✓ The Debtor elects to surrender to each creditor listed below the collateral that secures the creditor's claim. The Debtor requests that upon confirmation of this plan or upon approval of any modified plan the stay under 11 U.S.C. §362(a) be terminated as to the collateral only and that the stay under §1301 be terminated in all respects. Any allowed unsecured claim resulting from the disposition of the collateral will be treated in Part 4 below.

| Name of Creditor | Description of Collateral to be Surrendered |
|---|---|
| CARVENT FINANCIAL | 2009 NISSA MURANO |
| | |
| | |

G. **Lien Avoidance.** *Do not use for mortgages or for statutory liens, such as tax liens. Check one.*

☐ None. *If "None" is checked, the rest of § 2.G need not be completed or reproduced.*

7

✓ The Debtor moves to avoid the following judicial and/or nonpossessory, nonpurchase money liens of the following creditors pursuant to § 522(f) (this § should not be used for statutory or consensual liens such as mortgages).

| Name of Lien Holder | MARINER FINANCE | REGENCY FINANCE CO | |
|---|---|---|---|
| Lien Description<br>For judicial lien, include court and docket number. | non-purchase money lien | non-purchase money lien | |
| Description of the liened property | household goods | household goods | |
| Liened Asset Value | $850.00 | $850.00 | |
| Sum of Senior Liens | $0 | $0 | |
| Exemption Claimed | $850.00 | $850.00 | |
| Amount of Lien | $1,969,00 | $2,927.00 | |
| Amount Avoided | $1,969.00 | $2,927.00 | |

3. **PRIORITY CLAIMS.**

   A. **Administrative Claims**

   1. Trustee's Fees. Percentage fees payable to the Trustee will be paid at the rate fixed by the United States Trustee.

   2. Attorney's fees. Complete only one of the following options:

      a. In addition to the retainer of $ 1000.00 already paid by the Debtor, the amount of $ 3000.00 in the plan. This represents the unpaid balance of the presumptively reasonable fee specified in L.B.R. 2016-2(c); or

      b. $ _____ per hour, with the hourly rate to be adjusted in accordance with the terms of the written fee agreement between the Debtor and the attorney. Payment of such lodestar compensation shall require a separate fee application with the compensation approved by the Court pursuant to L.B.R. 2016-2(b).

   3. Other. Other administrative claims not included in §§ 3.A.1 or 3.A.2 above. *Check one of the following two lines.*

      ✓ None. *If "None" is checked, the rest of § 3.A.3 need not be completed or reproduced.*

      ___ The following administrative claims will be paid in full.

| Name of Creditor | Estimated Total Payment |
|---|---|
|  |  |
|  |  |

B. **Priority Claims (including, certain Domestic Support Obligations**

Allowed unsecured claims entitled to priority under § 1322(a) will be paid in full unless modified under §9.

| Name of Creditor | Estimated Total Payment |
|---|---|
|  |  |
|  |  |
|  |  |

C. **Domestic Support Obligations assigned to or owed to a governmental unit under 11 U.S.C. §507(a)(1)(B)**. *Check one of the following two lines*.

✓ None. *If "None" is checked, the rest of § 3.C need not be completed or reproduced.*

☐ The allowed priority claims listed below are based on a domestic support obligation that has been assigned to or is owed to a governmental unit and will be paid less than the full amount of the claim. *This plan provision requires that payments in § 1.A. be for a term of 60 months (see 11 U.S.C. §1322(a)(4))*.

| Name of Creditor | Estimated Total Payment |
|---|---|
|  |  |

9

4. **UNSECURED CLAIMS**

   A. <u>**Claims of Unsecured Nonpriority Creditors Specially Classified.**</u> *Check one of the following two lines.*

   ✓ None. *If "None" is checked, the rest of § 4.A need not be completed or reproduced.*

   ☐ To the extent that funds are available, the allowed amount of the following unsecured claims, such as co-signed unsecured debts, will be paid before other, unclassified, unsecured claims. The claim shall be paid interest at the rate stated below. If no rate is stated, the interest rate set forth in the proof of claim shall apply.

   | Name of Creditor | Reason for Special Classification | Estimated Amount of Claim | Interest Rate | Estimated Total Payment |
   |---|---|---|---|---|
   |  |  |  |  |  |

   B. **Remaining allowed unsecured claims will receive a pro-rata distribution of funds remaining after payment of other classes.**

5. **EXECUTORY CONTRACTS AND UNEXPIRED LEASES.** *Check one of the following two lines.*

   ✓ None. *If "None" is checked, the rest of § 5 need not be completed or reproduced.*

   ☐ The following contracts and leases are assumed (and arrears in the allowed claim to be cured in the plan) or rejected:

   | Name of Other Party | Description of Contract or Lease | Monthly Payment | Interest Rate | Estimated Arrears | Total Plan Payment | Assume or Reject |
   |---|---|---|---|---|---|---|
   |  |  |  |  |  |  |  |
   |  |  |  |  |  |  |  |
   |  |  |  |  |  |  |  |

10

6. **VESTING OF PROPERTY OF THE ESTATE.**

   **Property of the estate will vest in the Debtor upon**

   *Check the applicable line:*

   ☐ plan confirmation.
   ☐ entry of discharge.
   ✓ closing of case.

7. **DISCHARGE: (Check one)**

   (✓) The debtor will seek a discharge pursuant to § 1328(a).
   ( ) The debtor is not eligible for a discharge because the debtor has previously received a discharge described in § 1328(f).

8. **ORDER OF DISTRIBUTION:**

   If a pre-petition creditor files a secured, priority or specially classified claim after the bar date, the Trustee will treat the claim as allowed, subject to objection by the Debtor.

   Payments from the plan will be made by the Trustee in the following order:
   Level 1: _____
   Level 2: _____
   Level 3: _____
   Level 4: _____
   Level 5: _____
   Level 6: _____
   Level 7: _____
   Level 8: _____

   11

*If the above Levels are filled in, the rest of § 8 need not be completed or reproduced.* If the above Levels are not filled-in, then the order of distribution of plan payments will be determined by the Trustee using the following as a guide:

Level 1: Adequate protection payments.
Level 2: Debtor's attorney's fees.
Level 3: Domestic Support Obligations.
Level 4: Priority claims, pro rata.
Level 5: Secured claims, pro rata.
Level 6: Specially classified unsecured claims.
Level 7: Timely filed general unsecured claims.
Level 8: Untimely filed general unsecured claims to which the Debtor has not objected.

9. **NONSTANDARD PLAN PROVISIONS**

**Include the additional provisions below or on an attachment. Any nonstandard provision placed elsewhere in the plan is void. (NOTE: The plan and any attachment must be filed as one document, not as a plan and exhibit.)**

Dated: 4/19/2019

GREGORY S. HAZLETT, ESQUIRE
Attorney for Debtor

NICOLE L. VALLE
Debtor

Joint Debtor

By filing this document, the debtor, if not represented by an attorney, or the Attorney for Debtor also certifies that this plan contains no nonstandard provisions other than those set out in § 9.

12